

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:24-cr-249 |
| | ) | |
| v. | ) | Count One: 18 U.S.C. § 793(e) |
| | ) | (Willful Retention and Transmission of |
| ASIF WILLIAM RAHMAN, | ) | National Defense Information) |
| | ) | |
| Defendant. | ) | Count Two: 18 U.S.C. § 793(e) |
| | ) | (Willful Retention and Transmission of |
| | ) | National Defense Information) |

**INDICTMENT**

November 2024 Term—Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

At all times material to this indictment:

The Defendant

1. Defendant **ASIF WILLIAM RAHMAN** ("**RAHMAN**") was employed by the U.S. Government. In connection with his employment, **RAHMAN** held a TOP SECRET//Sensitive Compartmented Information security clearance and had access to classified information and information relating to the national defense ("National Defense Information").

Classified Information

2. National security information was information owned by, produced by, produced for, and under the control of the United States government. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL," as follows:

    a. Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to

the national security that the original classification authority was able to identify or describe.

b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify or describe.

c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify or describe.

3. Classified information related to intelligence sources, methods, and analytical processes was designated as Sensitive Compartmented Information ("SCI"). SCI was to be processed, stored, used, or discussed in an accredited Sensitive Compartmented Information Facility ("SCIF"), and only individuals with the appropriate security clearance and additional SCI permissions could have authorized access to such classified national security information.

4. Classified information, including SCI, was marked according to its classification and applicable SCI compartments, following standard formats for different types of media, including headers and footers stating the highest classification level.

5. Pursuant to Executive Order 13526, information classified at any level could be lawfully accessed only by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information. Classified information could only be stored or discussed in an approved facility.

## COUNT ONE

(Willful Transmission of National Defense Information)

6.  The General Allegations above are fully incorporated here by reference.

7.  On or about October 17, 2024, in an offense committed outside of the jurisdiction of any particular State or district of the United States, including Phnom Penh, Cambodia, within the extraterritorial jurisdiction of the United States and therefore within the venue of the United States District Court of the Eastern District of Virginia pursuant to Title 18, United States Code, Section 3238, as the District of the last known residence of the offender, defendant

**ASIF WILLIAM RAHMAN**

having unauthorized possession of, access to, and control over a classified document relating to the national defense, willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it, and attempted to and did, in fact, willfully communicate, deliver, transmit, and cause to be communicated, delivered, and transmitted that document to a person not entitled to receive it, to wit, a document marked as classified at the TOP SECRET//SCI level which contained information relating to the national defense ("Document 1").

(In violation of Title 18, United States Code, Section 793(e)).

## COUNT TWO

(Willful Transmission of National Defense Information)

8. The General Allegations above are fully incorporated here by reference.

9. On or about October 17, 2024, in an offense committed outside of the jurisdiction of any particular State or district of the United States, including Phnom Penh, Cambodia, within the extraterritorial jurisdiction of the United States and therefore within the venue of the United States District Court of the Eastern District of Virginia pursuant to Title 18, United States Code, Section 3238, as the District of the last known residence of the offender, defendant

**ASIF WILLIAM RAHMAN**

having unauthorized possession of, access to, and control over a classified document relating to the national defense, willfully retained the document and failed to deliver it to the officer or employee of the United States entitled to receive it, and attempted to and did, in fact, willfully communicate, deliver, transmit, and cause to be communicated, delivered, and transmitted that document to a person not entitled to receive it, to wit, a document marked as classified at the TOP SECRET//SCI level which contained information relating to the national defense ("Document 2").

(In violation of Title 18, United States Code, Section 793(e)).

A TRUE BILL

Pursuant to the E-Government Act,, The original of this page has been filed under seal in the Clerk's Office

Foreperson of the Grand Jury

JESSICA D. ABER
United States Attorney

By: _____
Troy A. Edwards
Anthony Rodregous
Assistant United States Attorneys

MATTHEW G. OLSEN
Assistant Attorney General

Brett Reynolds
Trial Attorney
Counterintelligence and Export Control Section
National Security Division