UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Case No. 1:24-cr-249 |
| ) | |
| ASIF WILLIAM RAHMAN,   ) | |
| ) | |
| Defendant   ) | |
| ) | |

**DECLARATION OF
MARY C. WILLIAMS, LITIGATION INFORMATION REVIEW OFFICER,
INFORMATION REVIEW AND RELEASE DIVISION,
<u>CENTRAL INTELLIGENCE AGENCY</u>**

I, MARY C. WILLIAMS, hereby declare and state:

1. I currently serve as the Litigation Information Review Officer ("LIRO") for the Information Review and Release Division at the Central Intelligence Agency (the "Agency" or "CIA"), a position I have held since November 2023.

2. As the LIRO, I am responsible for ensuring that any determinations as to the release or withholding of CIA documents or information under my purview are proper and do not jeopardize the national security of the United States. I am also responsible for, among other things, the classification review of CIA documents and information that may be the subject of court proceedings pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3.

1

3. Prior to serving as the LIRO, I served as the Acting Information Review Officer ("IRO") for the Litigation Information Review Office for four months, performing the same duties I presently perform as the LIRO. Prior to that, I was the Criminal and Civil Team ("CCT") Lead in the Litigation Information Review Office for 45 months, where I was responsible for, among other things, reviewing CIA information that is subject to CIPA in connection with criminal proceedings. As CCT Lead, I was responsible for ensuring that any determinations to release Agency information were proper and did not jeopardize national security. Prior to becoming the CCT Lead, I served as an Associate IRO for 19 months. In that role, I was responsible for conducting second-line reviews of Agency-wide information subject to pending litigation, and making classification and release determinations regarding such information when necessary. Prior to that, I served as a Security Specialist with the Department of Justice for over 15 years.

4. I am a senior CIA official and hold original classification authority at the TOP SECRET level under written delegation of authority pursuant to section 1.3(c) of Executive Order 13526, 75 Fed. Reg. 707 (Jan. 5, 2010). This means I am authorized to assess the current, proper classification of CIA information, up to and including TOP SECRET information, based

on the classification criteria of Executive Order 13526 and applicable regulations.

5. I make the following statements based upon my personal knowledge and information made available to me in my official capacity. The purpose of this declaration is to describe, to the extent possible on the public record, pertinent background information on the Defendant's CIA employment and information concerning the sensitive, classified CIA information to which the Defendant had access as part of his job duties at the Agency. I understand from the Department of Justice ("DOJ") that an additional U.S. Government agency will submit a separate declaration concerning the classified information DOJ alleges the Defendant unlawfully retained and transmitted in this case.

6. The Defendant, Asif William Rahman, was employed as a CIA officer from 2016 to 2024, during which time he served as an analyst. Defendant's job duties necessitated access to information that remains currently and properly classified pursuant to Executive Order 13526. The classified information to which the Defendant had access is owned by, produced by or for, and is under the control of the U.S. Government. This information also squarely falls within classification categories 1.4(c) and 1.4(d) of Executive Order 13526, as the information pertains to intelligence activities and/or intelligence sources or methods within the meaning of section 1.4(c) and foreign

relations or foreign activities of the United States, including confidential sources, within the meaning of section 1.4(d). The unauthorized disclosure of the sensitive national security-related information, to which the Defendant had access, reasonably could be expected to cause serious, and in some cases, exceptionally grave damage to the national security of the United States.

7. As an analyst, the Defendant had access to sensitive, classified national defense-related information, to include the identities of covert CIA officers; the identities of clandestine human sources; details of sensitive intelligence collection operations; details of sensitive intelligence collection methods; details of CIA clandestine training; and details of CIA clandestine tradecraft the Agency employs to avoid detection by hostile foreign adversaries and intelligence services. While I cannot provide granular detail on the public record, I can confirm that the Defendant's job duties allowed him access to sensitive, classified national security-related information and training regarding certain forms of intelligence collection used to support clandestine operations. Defendant also had access to sensitive national security-related information concerning the Agency's intelligence collection on specific foreign adversaries and intelligence services, as well as information shared by foreign partners.

8. The unauthorized disclosure of the sensitive national-security related information to which the Defendant had access, could result in the loss of critical intelligence, damage the Agency's relationships with its sources, and could reveal details about sensitive Agency intelligence methods, activities, and programs. Intelligence methods are the means by which an intelligence agency accomplishes its objectives. Intelligence methods must be protected to prevent foreign adversaries, terrorist organizations, and others from learning about the ways in which CIA gathers intelligence, which may allow them to take countermeasures to hide their activities from the CIA. Once the nature of an intelligence method is disclosed, its usefulness is neutralized and the CIA's ability to apply that method in other situations is significantly degraded, making it more difficult for the CIA to collect foreign intelligence and protect its source relationships.

9. Where intelligence activities are concerned, revealing information about the Agency's intelligence interests and clandestine activities could reveal how the Agency selects targets of interest and monitors and collects on those targets. If a foreign entity or hostile foreign adversary learns its activities have been targeted or are of interest to the CIA, it can take countermeasures that make future collection efforts less effective. Disclosure of information about a particular

intelligence activity could also jeopardize the sources, programs, and CIA personnel associated with that activity and further inhibit the Agency's collection efforts.

10. In conclusion, I have determined that the disclosure of the sensitive, classified information to which the Defendant had access as part of his job duties, could reasonably be expected to cause serious, and in some cases, exceptionally grave damage to the national security of the United States.

\*\*\*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December 2024.

*(signature)*
Mary C. Williams
Litigation Information Review Officer
Information Review and Release Division
Central Intelligence Agency