IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASIF WILLIAM RAHMAN,<br><br>            *Defendant*. | Case No. 1:24-cr-249 (PTG) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE CONSIDERATION OF CLASSIFIED SENTENCING MATERIALS

Defendant Asif William Rahman, through counsel, hereby moves to preclude from consideration at sentencing the government's late-submitted classified sentencing materials. The Court's consideration of these materials is fundamentally unfair and runs afoul of Mr. Rahman's due process rights.

### I.    Background

In the evening on May 6, 2025, the day sentencing submissions were due to the Court, counsel for Mr. Rahman learned for the first time that the government would be seeking a significant upward variance, per direction from "Main Justice," from the parties' agreed-upon Guidelines range that was central to the plea agreement. According to the prosecutors, the basis for this upward variance was purportedly articulated in highly classified declarations based on classified evidence unavailable to the defense, as well as an unfounded and unsupported unclassified letter filed by CIA Deputy Director Michael Ellis. *See* ECF No. 72-1. At the time the government filed its sentencing memorandum, counsel for Mr. Rahman (who have, collectively, held Top Secret security clearances for nearly five decades) had not been provided any opportunity

to review the classified declarations, let alone to test the accuracy or reliability of classified evidence underlying those declarations or Mr. Ellis's letter.

On May 7, 2025, counsel for Mr. Rahman sent counsel for the government a letter requesting all factual information supporting Mr. Ellis's claims that Mr. Rahman's disclosures "have caused" damage to the national security, all factual information supporting the classified declarations that the government intends to submit to the Court at sentencing, and the cross-examination of Mr. Ellis and other government declarants prior to sentencing to challenge the basis and accuracy of their conclusions (attached hereto as Exhibit A). The government has yet to respond to the letter. The government subsequently informed counsel that it would be unilaterally presenting this classified information to the Court on May 8, 2025. Counsel have not had a meaningful opportunity to probe or challenge this information and do not expect that the government will provide the material and opportunities for cross-examination, as requested in the May 7, 2025 letter, that would allow counsel to provide an adequate defense to this information.

On May 8, 2025, at approximately 10:45 a.m.—five days before the scheduled sentencing hearing[1]—the government for the first time permitted counsel for Mr. Rahman to view the more than 150 pages of classified arguments and conclusory declarations underlying its position on sentencing. Although Mr. Rahman has been permitted to review other classified evidence in this case, the government informed counsel that this material must be treated as "attorneys' eyes only," taking the position that Mr. Rahman may not view any of the classified evidence that is the basis

---

[1] Counsel received notice today that the sentencing hearing will be rescheduled; the additional time does not, however, affect the fundamental unfairness of the government's late disclosure of this classified material for the other reasons set forth in this memorandum.

for such an unprecedented upward variance. The government has further precluded counsel from sharing the government's classified sentencing memorandum with Mr. Rahman, on the same basis.

## II.    Argument

We respectfully request that the Court refuse to consider the government's late-submitted classified materials at sentencing. The government's eleventh-hour reliance on conclusory classified declarations in order to introduce inflammatory, speculative information about *potential* harm to national security is fundamentally unfair and a violation of Mr. Rahman's due process rights, particularly when his cleared counsel have been repeatedly denied the ability to investigate or challenge conclusions that appear to be misleading. "[D]ue process forbids reliance on materially false or unreliable information in imposing a sentence." *United States v. Yeigh*, 725 F. App'x 207, 209 (4th Cir. 2018) (citing *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Hanna*, 49 F.3d 572, 577–78 (9th Cir. 1995). As courts have observed, although judges are permitted to consider a wide range of material at sentencing, "[d]ue process and fairness require that a defendant be afforded a meaningful opportunity to rebut any information presented to the court for consideration on sentencing." *United States v. Fogel*, 829 F.2d 77, 91 (D.C. Cir. 1987); *see United States v. Pugliese*, 805 F.2d 1117, 1123 (2d Cir. 1986) (stating that due process requires that a defendant be permitted to "challenge the prosecution's affidavits, letters, and other submissions to the court," and "[b]oth sides should have an effective opportunity to rebut allegations likely to affect the sentence, . . . including, for example, the right to examine sentencing material"); *United States v.*

*Polson*, 285 F.3d 563, 567 (7th Cir. 2002) ("Due process requires, however, that the sentencing court afford the defendant a meaningful opportunity to rebut contested evidence.").

Mr. Rahman has been afforded no such opportunity here because of the government's late disclosure of classified opinions and its position that he is not permitted to review them, in addition to the government's failure to provide adequate information to challenge the assertions the declarations contain. The government has provided no reason why this classified information could not have been presented weeks or months ago when the sentencing date was scheduled. Given the government's intent to rely on this evidence to seek a significant upward variance, it is fundamentally unfair for the government to have ambushed counsel five days before the scheduled sentencing date, particularly when the information the government is submitting appears to be misleading. Further, the government has also prevented Mr. Rahman from viewing the classified materials, effectively preventing counsel from fully understanding the novel allegations therein. Pursuant to the plea agreement, Mr. Rahman has not waived his right to discovery of mitigating evidence. ECF No. 57 ¶ 6. But without being able to review the government's purportedly aggravating evidence, Mr. Rahman cannot himself develop the requisite mitigating evidence to challenge the government's position on sentencing.

Not only is Mr. Rahman unable to view the classified materials, the government has also forbidden counsel from sharing its classified sentencing memorandum with Mr. Rahman. This is tantamount to sentencing Mr. Rahman in secret. It is an affront to due process, and it is fundamentally unfair to Mr. Rahman, who the government acknowledges has "cooperated and

confessed swiftly" and provided substantial assistance in disclosing "truthful information" to the government. United States Sentencing Memorandum, ECF No. 72 at 2, 13.

The government's declarations and Mr. Ellis's letter are also speculative and misleading, and the late-disclosure of classified information precludes Mr. Rahman's counsel from meaningfully challenging them.

**Mr. Ellis's Letter:** Mr. Ellis's letter supporting the government's unclassified sentencing memorandum is based on general, sweeping statements, and is now revealed to be unsupported by any information—classified or otherwise—disclosed or submitted in this case as of the time of the letter's filing. ECF No. 72-1. Without any support, Mr. Ellis blithely states that Mr. Rahman's unauthorized disclosures "caused serious, and in some instances exceptionally gave, damage to U.S. national security and the CIA," "jeopardized intelligence sources and methods, undermined U.S. intelligence-sharing partnerships, and compromised information regarding sensitive intelligence targets of interest," and "affected the Agency's ability to collect foreign intelligence, preempt threats to the United States, and further key U.S. national security objectives." *Id.* The other documents the government has submitted are more careful and refer consistently to potential, not actual harm. Counsel have now had the opportunity to review the classified information (though Mr. Rahman has not), and counsel have not identified <u>any</u> references to support Mr. Ellis's statement that Mr. Rahman's conduct has caused actual harm to national security, as opposed to creating a speculative risk of harm.

**Classified Declarations & Classified Sentencing Memorandum:** The government's classified sentencing memorandum and classified declarations fare no better. The classified declarations that counsel have been permitted to review contain overblown, conjectural, and misleading statements about alleged harm to the national security caused by Mr. Rahman. The

evidence reviewed thus far by counsel does not come close to providing support for any such harm that can be attributed to Mr. Rahman.

Finally, the government and defense counsel have both made arguments about comparable cases in support of their arguments as to the appropriate sentence for Mr. Rahman. If provided extensive classified information in this case, but not in the others the government cites, the Court is being asked to compare apples and oranges. In any case involving national security, there is substantially more information known to the government than is made available in court. Providing the classified information in this case in conclusory form, not presented in any trial or even an evidentiary hearing, risks substantial prejudice to Mr. Rahman. It is fundamentally unfair for the government to ask the Court to review classified information in support of its arguments, especially in this unprecedented request for an *upward variance* for a cooperator who has provided substantial assistance.

Mr. Rahman will file separately a response to the government's sentencing memorandum that outlines these deficiencies, in addition to opposing the government's unprecedented request for an upward variance. This request violates the understanding that counsel had reached at the time of Mr. Rahman's plea as well as the provision in the Sentencing Guidelines precluding the government from using information provided by Mr. Rahman in the course of his cooperation against him at sentencing. *See* United States Sentencing Guidelines § 1B1.8 & Application Note 1.

We respectfully urge the Court to preclude consideration of the government's late-submitted classified materials at sentencing. The government should not be permitted to backdoor into these sentencing proceedings highly inflammatory declarations and evidence with no context and no opportunity for the defense to address those materials in a meaningful way.

## III.    Conclusion

For the foregoing reasons, Mr. Rahman respectfully requests that the Court grant his motion and exclude from consideration at sentencing the classified materials.

Dated: <u>May 8, 2025</u>                                   Respectfully submitted,

Amy Jeffress (VA Bar No. 36060)
Hecker Fink LLP
1050 K St. NW, Suite 1040
Washington, D.C. 20001
Telephone: (202) 742-2655
ajeffress@heckerfink.com

Deborah Curtis (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5081
Deborah.Curtis@arnoldporter.com

*Attorneys for Defendant*