# EXHIBIT A

# Arnold & Porter

**Deborah A. Curtis**
+1 202.942.5081  Direct
Deborah.Curtis@arnoldporter.com

601 Massachusetts Ave, NW
Washington, DC 20001-3743

May 7, 2025

**VIA E-MAIL**

Mr. Troy A. Edwards, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

Mr. Adam Small
Mr. Christopher Cook
Trial Attorneys
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

      Re:    *United States v. Asif William Rahman*, Criminal No. 1:24-cr-00249-PTG-1
             Defendant Asif Rahman's Request for *Brady* Material

Dear Messrs. Edwards, Small and Cook:

      As we discussed last evening, May 6, 2025, Ms. Jeffress and I were shocked and disappointed by the Department's last minute announcement that it would be seeking an upward variance, per direction from "Main Justice," from our agreed upon applicable sentencing guidelines range in this matter,"  Seeking such a variance is contrary to the interests of justice and fairness because *the government was fully aware of the nature and extent of <u>all</u> of the conduct at issue in this matter prior to agreeing to an applicable sentencing range.*  Mr. Rahman has been fully cooperative and truthful with the government, and nothing new has transpired since the plea was entered that could give the government any legitimate reason to reevaluate the nature and circumstances of this offense in order to vary upward. The net effect is that Mr. Rahman was led to believe that unless new facts in aggravation were to occur, or be independently discovered, the

# Arnold & Porter

Troy A. Edwards, Jr.
May 7, 2025
Page 2

government's stipulated guidelines range appropriately captured the nature and circumstances of the offenses described in the Statement of Facts. Apparently, the defense was misled.

      We are similarly deeply troubled that the Department of Justice's purported basis for an upward variance is articulated in highly classified declarations, which we have not seen, but which relate to information that we have repeatedly requested but have been denied in discovery. Accordingly, we request the following additional information be produced immediately in order that our client may challenge any "materially false or unreliable information" in those declarations or statements. *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948); *United States v. Yeigh*, 725 F. App'x 207, 209 (4th Cir. 2018) ("[D]ue process forbids reliance on materially false or unreliable information in imposing a sentence…."). In short, the defense believes that the alleged newly-articulated harm to national security is purely conjectural and it would be misleading to the Court to state otherwise. Indeed it is our understanding that the prosecution team itself only received the classified materials yesterday, leaving no time to for you to properly interrogate the reliability of any sweeping statements.

1. Any and all factual information supporting the conclusion by Deputy Director Michael Ellis that Mr. Rahman's disclosures "have caused" damage to the national security. This request encompasses documents[1] and information in the possession, custody, or control of the CIA or any other government agency that have been reviewed or relied upon by Mr. Ellis.

2. Any and all factual information supporting the classified declarations the government intends to submit to the Court at sentencing. This request encompasses documents and information in the possession, custody, or control of any government agency that have been reviewed or relied upon by the declarants.

3. The cross-examination of Mr. Ellis and all other government declarants at a hearing prior to sentencing to challenge the basis and accuracy of their conclusions.

---

[1] The word "documents" includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, e-mail, text messages, instant messages, other computer facilitated or transmitted materials, images, photographs, Polaroids, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

# Arnold & Porter

Troy A. Edwards, Jr.
May 7, 2025
Page 3

      Please let us know promptly whether there are any requests set forth in this letter with which you decline to comply. We are available to discuss any of the foregoing at your convenience. We reserve the right to supplement these requests as we review the discovery and evaluate whether to move to withdraw from the plea agreement.

      Sincerely,

      Amy Jeffress
      Deborah A. Curtis
      *Counsel for Asif Rahman*