# EXHIBIT A

**Supplemental Declaration of William McCausland**

I, William McCausland, declare as follows:

**Professional Experience and Qualifications**

I am presently a Managing Director at FTI Consulting ("FTI"). My responsibilities at FTI, as well as an overview of my twenty five years of experience in the Federal Bureau of Investigation (FBI), are set out in my previous Declaration. My career in the FBI included all aspects of recruiting and administering nearly forty (40) cooperating individuals. I have experience in all aspects of plea negotiations with cooperators, as well as (in certain cases) the facilitation of placement of these individuals in the U.S. Witness Security program ("WitSec").

As noted in my prior Declaration, my final position in the U.S. government was that of Chief of Counterespionage at the Central Intelligence Agency (CIA). In this role I oversaw US Intelligence Community counter-espionage efforts, including those involving leaks of classified material and insider threats.

**Purpose of Declaration**

I have been asked to provide a declaration with respect to the U.S. government's request for an upward variance in sentencing in this matter. This supplemental declaration is based upon my skills, knowledge, education, and professional experience in working with cooperating individuals.

**Experience with Cooperators**

Throughout my time at the FBI and CIA, I worked with nearly forty cooperators (including confidential informants, and cooperating witnesses) in criminal and national security investigations and prosecutions. A cooperator relationship is premised on mutual trust and candor. As set forth in my previous declaration in this matter, I am keenly aware of the value of such cooperation, particularly when the government has "blind spots" in the intelligence and counterintelligence landscape. I am also familiar with the motivations of cooperator defendants and the criticality of government incentivization of early and fulsome cooperation.

**Recent Events**

It is my understanding that the defendant in this case provided substantial assistance in a timely and comprehensive manner, with no efforts to delay or obstruct the government's investigation. The defendant was completely candid, highlighting multiple important datapoints that were previously unknown to the government. Based on the defendant's substantial cooperation, the government is making a motion for a downward departure.

However, it is also my understanding that the government is simultaneously seeking an upward variance from the agreed upon sentencing guideline range—based entirely on conduct known to the government at the time it entered into the plea agreement. In my 25 years in law enforcement, I have never seen the Department of Justice take such a stance. Moreover, I understand that prosecutors are submitting on the record protected statements made by the defendant during his debriefings with the intelligence community in order to support the upward variance. Making such

use of statements provided in the course of cooperation is not standard practice in my experience and could have the unfortunate effect of discouraging full and truthful cooperation.

**Conclusion**

It is my opinion that the U.S. government's requested upward variance acts as a disincentive for future cooperators in national security cases. Put simply, cooperators will be less likely to trust the U.S. government and, in turn, U.S. law enforcement and intelligence interests may suffer as a result.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

*William E. McCausland*

William McCausland

May 13, 2025